# Ogletree
# Deakins

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

*Attorneys at Law*

Esplanade III
2415 East Camelback Road
Suite 800
Phoenix, AZ 85016
Telephone: 602.778.3700
Facsimile: 602.778.3750
www.ogletreedeakins.com

L. Eric Dowell
Managing Shareholder
Direct: (602) 778-3718
Eric.Dowell@ogletreedeakins.com

Caroline Larsen
Direct: (602) 778-3756
Caroline.Larsen@ogletreedeakins.com

December 31, 2008

**VIA FACSIMILE (602-264-1441) AND U.S. MAIL**

Peter K. Strojnik
The Law Firm of Peter K. Strojnik
3030 North Central Avenue, Suite 1401
Phoenix, Arizona 85012

Re:   *STATS ChipPAC Ltd. et al. adv. Sahakian*

Dear Peter,

We have reviewed your Motion to Amend the Complaint, draft Amended Complaint, and declaration in support thereof. STATS ChipPAC Ltd. still declines to stipulate to the amendment and we are prepared to oppose the Motion to Amend in the event you proceed to file the same.

From the sketchy allegations in the Motion to Amend, there are no valid legal or factual bases for adding Temasek Holdings Private Ltd. or Singapore Technologies Semiconductors Private Ltd. as defendants in this action. In fact, there does not even appear to be any basis for the United States District Court for the District of Arizona to assert jurisdiction over these entities. To the extent that you suggest acts allegedly committed by STATS ChipPAC, Inc. and/or STATS ChipPAC, Ltd. should be imputed to Singapore Technologies Semiconductors Private Ltd., a court cannot exercise personal jurisdiction over a parent corporation solely because it may have jurisdiction over its subsidiary. "The existence of a parent-subsidiary relationship is insufficient to establish personal jurisdiction over [the parent company]." *Transure Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1299 (9th Cir. 1985). Even if Ms. Sahakian could establish that Technologies Semiconductors Private Ltd. exercises some control over STATS ChipPAC, Inc. and/or STATS ChipPAC, Ltd., as long as "[t]he corporate separation, though perhaps merely formal, [is] real," this limited control cannot provide an automatic basis for conferring personal jurisdiction over the parent company. *Id.* (quoting *Canon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337 (1925)). Of course, any connection between STATS ChipPAC, Inc. and/or STATS ChipPAC, Ltd. and Temasek Holdings Private Ltd. is even more remote and attenuated.

Peter K. Strojnik
December 31, 2008
Page 2



Moreover, we note that many of the "facts" stated in your Motion to Amend and supporting declaration come from alleged discussions between your father and his "Singaporean contacts," which he has avowed to keep confidential. With such secrecy regarding the source of the information on which you base your belief that Temasek Holdings Private Ltd. or Singapore Technologies Semiconductors Private Ltd. are proper defendants in this action, we cannot determine whether you have evidentiary support for your allegations sufficient to meet the requirements of Rule 11(b) of the Federal Rules of Civil Procedure. We trust that you will be prepared to substantiate the basis for these allegations, and provide further detail regarding your claim that Temasek Holdings Private Ltd. and Singapore Technologies Semiconductors Private Ltd. control the operations and day-to-day functions of STATS ChipPAC before you proceed with your Motion to Amend.

We find your scarcely-veiled threat to "ensure the widest possible broadcast of this matter" if Temasek Holdings Private Ltd. and Singapore Technologies Semiconductors Private Ltd.'s refuse to capitulate to your client's exorbitant settlement demand in potential violation of the Arizona Rules of Professional Conduct, Rule 42, ER 3.6. We are prepared to bring any extrajudicial statements regarding this action that might prejudice the adjudication of this matter to the attention of the Court and the State Bar of Arizona if necessary.

Finally, when we discussed the prior mediation and other efforts to resolve this action during our telephone conversation on November 14, 2008, you advised that you would provide a "realistic" settlement demand early the following week. By "realistic," we inferred that you meant a settlement demand less than the $685,000 demand your client tendered before walking out in the middle of the earlier mediation. More than a month later, we have received no demand or other communication from you regarding settlement, except to learn that you demanded $2,500,000 from Temasek Holdings Private Ltd. and Singapore Technologies Semiconductors Private Ltd. We are taken aback by your contradictory messages regarding the possibility of settlement in this action, and see no point to continuing the previously adjourned mediation.

Please call me if you would like to discuss any of these matters.

Sincerely,

Caroline Larsen