1

DIANE J. HUMETEWA
United States Attorney
District of Arizona

2

RICHARD G. PATRICK
Assistant U.S. Attorney
Arizona State Bar No. 5148
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
E-Mail: richard.patrick@usdoj.gov

3

4

5

6

UNITED STATES DISTRICT COURT

7

DISTRICT OF ARIZONA

8

9

Peter Strojnik,

Plaintiff,

CIV-09-00143-PHX-HRH

10

v.

11

STATS ChipPAC, Inc., a Delaware
corporation; STATS Chip PAC, Ltd.,
a foreign corporation; Temasek Holdings
Private Limited, a foreign corporation;
Singapore Technologies Semiconductors
Private Limited, a foreign corporation;
Caroline Larsen, a natural person; Ogletree,
Deakins, Nash, Smoak & Stewart, P.C., an
Arizona Corporation; State Bar of Arizona,
an Arizona non-profit Corporation;
United States Department of Justice, a
governmental entity; the Country of
Singapore, a foreign entity,

Defendants.

**FEDERAL DEFENDANT'S
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS**

12

13

14

15

16

17

18

19

20

## INTRODUCTION

21

By his complaint, plaintiff "seeks federal declaratory relief arising out of an actual case

22

or controversy relating to Plaintiff's right to exercise his 1st Amendment protected speech free

23

of threats by foreign governments, foreign companies, and their local agents." Complaint,

24

page 2 [Docket No. 1]. Based upon the allegations of his complaint, plaintiff desires to issue

25

press releases in the United States on certain specified issues (Complaint ¶ 32), but fears reprisal

26

by other named defendants if he does so (Complaint ¶ 29). Declaratory relief is prayed for

27

(Complaint, pages 15-17) to obtain a judicial declaration that his anticipated press releases are

28

constitutionally protected against civil and criminal reprisal by or on behalf of the Singaporean

government (extending, apparently, to adverse actions brought by the State Bar of Arizona). The United States Department of Justice is a named defendant "to receive notice of this matter that concerns, or may cause concern" it "and to comply with A.R.S. ¶ 12-1841". (Complaint, ¶ 8).

According to the allegations of plaintiff's seventeen page complaint, plaintiff premises this Court's jurisdiction over movant in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201. Complaint, page 2 and ¶ 12. For the reasons that follow, plaintiff's complaint, as to the United States Department of Justice, should be dismissed for lack of jurisdiction.

### **Plaintiff Has Not Identified A Waiver of the United States' Sovereign Immunity.**

At the outset, some basic principles of federal court jurisdiction are necessary. First, federal courts are courts of limited jurisdiction, possessing only that power granted to them by the Constitution and Congress. *In re Hunter,* 66 F.3d 1002, 1005 (9th Cir. 1995). Second, given that limitation, federal courts are presumed to lack jurisdiction unless the contrary affirmatively appears from the record. *Table Bluff Reservation (Wiyot Tribe) v. Philip Morris, Inc.,* 256 F.3d 879, 882 (9th Cir. 2001). Third, plaintiff, as the party invoking this Court's jurisdiction, has the burden of establishing the Court's subject matter jurisdiction. [1] *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1995); *Thompson v. McCombe,* 99 F.3d 352, 353 (9th Cir. 1996). To establish this Court's jurisdiction, plaintiff must demonstrate a waiver of the United States' sovereign immunity. [2] *F.D.I.C. v. Meyer,* 510 U.S. 471, 475 (1994) (sovereign immunity is jurisdictional).

There is no statutory waiver of sovereign immunity in this case. While 28 U.S.C. §§ 1331, 2201 and 2202 generally apply to the issues and relief requested by plaintiff, reliance thereon is misplaced as to the action against the federal defendant. Title 28 U.S.C. § 1331

---

[1]  Jurisdiction is the first consideration in all cases. *Mansfield, Coldwater & Lake Michigan Ry v. Swan,* 111 U.S. 379 (1884).

[2]  Plaintiff has sued the United States Department of Justice. As an agency of the United States, the sovereign immunity bar to actions against the United States applies to actions against the Department of Justice. *Hodge v. Dalton,* 107 F.3d 705, 707 (9th Cir. 1997); *Gerritsen v. Consulado General De Mexico,* 989 F.2d 340, 343 (9th Cir. 1993); *Singer v. Schweiker,* 694 F.2d 616, 617 (9th Cir. 1982). The Department of Justice is not sueable eo nomine. *City of Whitter v. United States Department of Justice,* 598 F.2d 561, 562 (9th Cir. 1979).

provides that the district courts have original jurisdiction in civil actions involving federal questions. That statute does not waive the United States' immunity from suit. *Dunn & Black, P.S. v. United States,* 492 F.3d 1084, 1088 n.3 (9th Cir. 2007); *Hollomon v. Watt,* 708 F.2d 1399, 1401 (9th Cir. 1983). The Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, merely grants an additional remedy in cases where the court otherwise has jurisdiction. [3] *Alton Box Board Co. v. Esprit De Corp.,* 682 F.2d 1267, 1274 (9th Cir. 1982) (Declaratory Judgment Act a procedural device only; it does not confer an independent basis for federal court jurisdiction, citing *Skelly Oil v. Phillips Petroleum,* 339 U.S. 667, 671-72 (1950)); *Thiel v. Larkin,* 2005 WL 3079042 *3 (D. Ariz. 2005) (same). The Act does not waive the sovereign immunity of the United States. *United States v. Smith,* 393 F.2d 319 (5th Cir. 1968); *Brownell v. Ketcham Wire & Mfg. Co.,* 211 F.2d 121 (9th Cir. 1954); *Thomas v. Pierce,* 662 F. Supp. 519, 524 (D. Kan. 1987). Finally, plaintiff avers in his complaint at paragraph 8 that the Department of Justice is a named defendant "to comply with A.R.S. § 12-1841". Congressional action, and not that of state legislatures, is required to waive the United States' sovereign immunity. *Employment Development Department v. United States Postal Service,* 698 F.2d 1029, 1032 (9th Cir. 1983); *see State v. Warren,* 124 Ariz. 396, 604 P.2d 660, 668 (Ariz. App. 1979) ("The sovereign immunity of the United States can only be waived by Congress....").

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants". *Wilton v. Steven Falls, Co.,* 515 U.S. 277, 286 (1995). A declaratory judgment action must serve some purpose in resolving a dispute - "[i]f the relief serves no purpose, or an illegitimate one, then the district court should not grant it". *Exxon Shipping Co. v. Airport Depot*

---

[3] As aptly stated by the Ninth Circuit in *Zepeda v. United States I.N.S.,* 753 F.2d 719, 727 (9th Cir. 1983):

> [a] federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim...

The same is true with respect to declaratory judgments. *Smith v. Grimm,* 534 F.2d 1346 (9th Cir. 1976); *Tashima v. Administrative Office of the U.S. Courts,* 710 F. Supp. 881, 886-87 (C.D. Cal. 1989), *aff'd,* 967 F.2d 1264 (9th Cir. 1992).

*Diner, Inc.,* 120 F.3d 166, 168 (9th Cir. 1997).  Here, plaintiff's request for declaratory relief is

for an illegitimate purpose.  The Act is not a means for obtaining judicial advisory opinions.

*Ashcroft v. Mattis,* 431 U.S. 171, 172 (1977) (per curiam).  This limitation counsels against a

grant of plaintiff's request for declaratory relief (even if the Court had jurisdiction to entertain

the request as against the federal defendant).  *See Moses v. Kennedy,* 219 F. Supp. 762 (D.D.C.

1963), *aff'd sub nom., Moses v. Katzenback,* 342 F.2d 931 (D.C. Cir. 1965) (plaintiff's request

for judicial declaration that they were entitled to federal protection of their constitutional rights

impermissibly sought an advisory opinion); *see also O'Connor v. State of Nevada,* 507 F. Supp.

546, 549 (D. Nev. 1981), *aff'd.,* 686 F.2d 749 (9th Cir. 1982) (per curiam) (dismissing equitable

relief claims that sought to force prosecutor to conduct criminal investigation).  As the Supreme

Court explained in a different context:

> In all civil litigation, the judicial decree is not the end but the means.  At the end of the rainbow lies not a judgment, but some action (or cessation of action) by the defendant that the judgment produces-the payment of damages, or some specific performance, or the termination of some conduct.  Redress is sought *through* the court, but *from* the defendant.  This is less true of a declaratory judgment suit than of any other action.  The real value of the judicial pronouncement-what makes it a proper judicial resolution of a "case or controversy" rather than an advisory opinion-is in the settling of some dispute *which affects the behavior of the defendant towards the plaintiff.*

*Hewitt v. Helms,* 482 U.S. 755, 761 (1987).  Thus, suing the Department of Justice because

plaintiff perceives it to be "concerned" fails to satisfy the purpose of the Declaratory Judgment

Act.

Because plaintiff's proffer of his statutory basis for this Court's exercise of subject matter

jurisdiction to entertain his claim for relief against the Department of Justice fails to establish

a waiver of the Department's sovereign immunity from suit, this action as to the Department of

Justice cannot proceed; "the only function remaining to the court is that of announcing the fact

and dismissing the case." [4] *Environmental Protection Information Center, Inc. v. Pacific Lumber Co.,* 257 F.3d 1071, 1077 (9th Cir. 2001) (quoting *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998)).

## Conclusion

Because the jurisdictional basis cited by plaintiff in his complaint for this Court to entertain his claim for relief against the United States Department of Justice does not waive movant's sovereign immunity from suit, this action, as to the Department of Justice, should be dismissed for lack of jurisdiction.

Respectfully submitted this 10th day of February, 2009.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

*s/Richard G. Patrick*

RICHARD G. PATRICK
Assistant U.S. Attorney

---

[4] Given plaintiff's burden to establish this Court's jurisdiction as to his claim against the Department of Justice, and because plaintiff is the master of the jurisdictional bases he proffers in his complaint, this Court's jurisdiction may not be sustained on any theory that plaintiff has not advanced. *Balser v. Dep't of Justice, Office of the United States Trustee,* 327 F.3d 903, 908 (9th Cir. 2003); *Easton v. Crossland Mort. Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).

1

CERTIFICATE OF SERVICE

2      I hereby certify that on February 10, 2009, I electronically transmitted the attached

3 document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice

4 of Electronic Filing to the following CM/ECF registrants:

5 Peter Strojnik
   3030 N. Central Ave, Ste 1401
6 Phoenix, AZ 85012

7 *s/Richard G. Patrick*
   Office of the U.S. Attorney

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28